JAMES T. BURTON (USB 11875)
*jburton@kmclaw.com*
JOSHUA S. RUPP (USB 12647)
*jrupp@kmclaw.com*
**KIRTON | McCONKIE**
36 South State Street, Suite 1900
P.O. Box 45120
Salt Lake City, Utah 84145-0120
Telephone:  (801) 328-3600
Facsimile:  (801) 321-4893

*Attorneys for Plaintiff*
*Young Living Essential Oils, LC*

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| YOUNG LIVING ESSENTIAL OILS, LC., a Utah Limited Liability Company,<br><br>Plaintiff,<br><br>vs.<br><br>MARTIN SUMNER, an individual; and JOHN DOES 1-10,<br><br>Defendants. | Civil Action No.:  2:17-cv-01284<br><br>**COMPLAINT**<br><br>Judge:  Tena Campbell<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Young Living Essential Oils, LC ("Young Living"), hereby complains and alleges against Defendant Martin Sumner ("Sumner") and Defendants John Does 1-10 (collectively, "Defendants") as follows:

**THE PARTIES**

1. Young Living is a Utah limited liability company having its principal place of business at 3125 Executive Parkway, Lehi, Utah 84043.

2. Sumner is an individual residing at 19 Four Oaks Cres, London, Ontario, N6J 4B6.

3. The true names and capacities of John Does 1 through 10, inclusive, are unknown to Young Living at this time who, therefore, sues said Defendants by such fictitious names. Upon information and belief, Young Living alleges that each of the Defendants designated herein as a fictitiously-named defendant is, in some manner, responsible for the events and happenings herein referred to and caused the damage to Young Living as herein alleged. Young Living will amend this Complaint to allege such true names and capacities when these facts are ascertained.

## JURISDICTION AND VENUE

4. This is an action for trademark infringement, false advertising, trademark dilution, and unfair competition under the Lanham Act and Utah Code Annotated, common law trademark infringement, violation of the Utah Truth in Advertising Act, and intentional interference with economic relations.

5. This Court has subject matter jurisdiction over this action under, *inter alia*, 28 U.S.C. § 1331 (federal question), 28 U.S.C. 1338(a) (trademarks), and 15 U.S.C. § 1121 (trademarks).

6. This Court has supplemental jurisdiction over Young Living's state law claims under 28 U.S.C. § 1367(a) because those claims arise from a common nucleus of operative facts alleged in Young Living's federal claims.

7. This Court has personal jurisdiction over Defendants because Defendants transact business in this district (including by selling the infringing products in and into this district), actions giving rise to this lawsuit have occurred in this district, and Defendants have caused damages to Young Living in this district.

8. Venue is proper in this district pursuant to 28 U.S.C. § 1391 because there is

personal jurisdiction over Defendants, and because a substantial part of Defendants' acts and omissions giving rise to Young Living's claims occurred in this district.

## GENERAL ALLEGATIONS

### I. YOUNG LIVING

9. Young Living was founded in 1994 by Gary Young.

10. Young Living sells essential oils and wellness solutions.

11. Young Living markets its essential oils through a world-wide network of independent distributors, most of whom are also consumers of Young Living's products.

12. Currently, Young Living has over one million independent distributors throughout the world.

13. In order to provide its essential oils to its customers, Young Living owns and operates farms in the United States (including in Utah) and throughout the world, on which farms Young Living grows many of the plants it uses to make its essential oils.

14. Essential oils are oils derived from plants which have many uses, including use in food flavoring, perfume industries, and in aromatherapy.

15. Young Living specializes in the manufacture, sale, and marketing of essential oils of natural plant origin suitable for aromatherapy and wellness practices.

16. Young Living sells a variety of individual essential oils, including lavender, peppermint, lemon, frankincense, and many others.

17. Young Living also sells proprietary blends of essential oils and products made with essential oils.

18. Young Living's efforts and accomplishments have contributed to its extraordinary reputation and goodwill, making Young Living a well-known and recognized name in, *inter alia*, the field of essential oil throughout the United States and the world.

19. Indeed, Young Living's enviable reputation and philosophy of providing the public with the highest quality essential oils has made it a leader in its field.

## II. YOUNG LIVING'S MARKS

20. Young Living has continuously provided high quality blended essential oils using the THIEVES mark since at least 1994.

21. The United States Patent and Trademark Office ("USPTO") granted Young Living a federal registration (U.S. TM Reg. No. 2,688,364) for the THIEVES mark on February 18, 2003, a copy of which is attached as Exhibit A.

22. Young Living's aforementioned THIEVES mark has achieved incontestability status pursuant to 15 U.S.C. § 1065.

23. The USPTO granted Young Living a federal registration (U.S. TM Reg. No. 4,376,568) for the THIEVES standard character mark on July 30, 2013, a copy of which is attached hereto as Exhibit B.

24. Young Living's two THIEVES marks referenced above are subsequently referred to herein collectively as "Plaintiff's Marks."

25. Young Living is the owner of Plaintiff's Marks.

26. Young Living's blended essential oils have been widely advertised and extensively promoted under Plaintiff's Marks, and Plaintiff's Marks have become, through widespread and favorable public acceptance and recognition, assets of substantial value as a symbol of Young Living, its exceedingly high quality essential oils, and its goodwill.

27. Young Living enjoys remarkable success and an enviable reputation in its field due in large part to its use of and rights in Plaintiff's Marks.

28. Young Living has made great expenditures and sacrifices to achieve the success it now enjoys in Plaintiffs' Marks.

29. Indeed, as a result of Young Living's favorable reputation and considerable

investment in and promotion of Plaintiffs' Marks, Plaintiff's Marks have become an indicator of Young Living's high quality essential oils.

30. Young Living regularly and consistently enforces its rights under Plaintiff's Marks in order to ensure Young Living's continued success and excellent reputation.

31. Plaintiff's Marks have been extensively and continuously advertised and promoted to the public by Young Living through various means and modes, including but not limited to, through Young Living's worldwide network of distributors, over the Internet (including at youngliving.com), at trade shows, telephonically, and in-person.

32. By reason of such advertising and promotion, Young Living has sold essential oils under Plaintiff's Marks to over one million customers.

33. Because of Young Living's advertising and promotion under Plaintiff's Marks, the consuming public has come to recognize Young Living's essential oils utilizing Plaintiff's Marks as solely emanating from Young Living.

34. As a result of Young Living's extensive use, advertising, promotional efforts, market recognition, commercial success, and wide distribution through its world-wide distribution channels, Plaintiff's Marks have become famous and are recognized as distinctive symbols of the highest quality of essential oils.

35. Plaintiff's Marks are an extremely valuable asset of Young Living.

## II. DEFENDANTS' INFRINGING CONDUCT

36. Defendants promote goods improperly using and similar to Plaintiff's Marks.

37. Specifically, Defendants promote and sell alleged essential oils using Plaintiff's Marks, including, without limitation, Defendants' "Thieves" and "King of Thieves" products.

38. Such infringing marks used by Defendants are referred to as the "Infringing Marks."

39. The Infringing Marks are sold or have been sold at, for example and without

limitation, hopewindhealth.com, Walmart.com, and amazon.com, among other places.

40. Defendants further extensively use Plaintiff's Marks in the text and metadata of their website.

41. Defendants' use of the Infringing Marks is confusingly similar to Plaintiff's Marks.

42. Indeed, the Infringing Marks are identical to Plaintiff's Marks and are in the same category of goods (essential oils).

43. Defendants' use of the Infringing Marks is likely to cause consumer confusion and a false association between Young Living's essential oils and the goods offered by Defendants utilizing the Infringing Marks, falsely leading consumers to believe that the products emanate from the same source or that Young Living and Defendants are somehow affiliated.

44. Such diversion has resulted in, and will continue to result in, substantial and irreparable harm to Young Living and to consumers in this district.

45. Defendants' offering to the public of goods under the Infringing Marks has been and is without permission or authority of Young Living. Such public offerings are also without license from Young Living.

46. The Infringing Marks have been used by Defendants and offered to the public utilizing this district as a forum for their infringing activities with knowledge that the Infringing Marks are not authorized by Young Living.

47. By using the Infringing Marks and offering alleged essential oils for sale under the Infringing Marks, including but not limited to the promotion of goods by Defendants which are confusingly similar to essential oils sold by Young Living, Defendants have misrepresented and falsely described to the general public the origin and source of Defendants' goods so as to deceive the public and deliberately create a likelihood of confusion, cause mistake, or deceive as to the affiliation, connection, or association of Defendants with Young Living, or as to the

origin, sponsorship, or approval of Defendants' goods or commercial activities by the ultimate purchaser as to both the source and sponsorship of Defendants' goods.

48. Upon information and belief, Defendants' goods offered under the Infringing Marks are inferior in quality to the goods authorized to be provided by Young Living, and therefore, have, do, and will continue to damage the goodwill Young Living has developed in connection with offering its essential oils under Plaintiff's Marks.

49. Defendants, with full knowledge of the notoriety of Plaintiff's Marks intended to, and did, trade on the goodwill associated with Plaintiff's Marks, and have misled and will continue to confuse and mislead the public into assuming a connection between Young Living and Defendants by Defendants' offer to the public of its goods under the Infringing Marks.

50. The use by Defendants of the Infringing Marks constitutes a knowing and willful use of a false designation of origin and a false description or representation that wrongly and falsely designates Defendants' goods offered to the public by Defendants as originating from, or connected with, Young Living, and constitutes utilizing false descriptions or representations in commerce.

51. The imitation, reproduction, and other unauthorized use of the Infringing Marks causes irreparable injury to Young Living, including injury to its business reputation and goodwill.

52. Defendants' use of the Infringing Marks has, does, and is likely to permit Defendants to pass off their goods as those of Young Living, all to the detriment of Young Living, and to the unjust enrichment of Defendants.

53. Defendants' use of the Infringing Marks has caused, currently causes, and is likely to continue to cause, damage to Young Living by tarnishing the valuable reputation and image associated with Young Living and its essential oils.

54. Defendants have further passed off their goods utilizing the Infringing Marks in

interstate commerce as being affiliated with those of Young Living by Defendants' activities and many continuing misrepresentations to the consuming public, members of which are likely to and do believe that Defendants' goods utilizing the Infringing Marks are associated with Young Living.

55. Defendants' unlawful activity results in irreparable harm and injury to Young Living. Among other harms, it:

    a. Deprives Young Living of its right to determine the manner in which its goods are presented to the general public;

    b. Dilutes the value of Plaintiff's Marks;

    c. Deceives the public as to the origin and sponsorship of Defendants' goods utilizing the Infringing Marks;

    d. Wrongfully trades upon Young Living's reputation and exclusive rights in its trademarks; and

    e. To the extent Defendants' goods utilizing the Infringing Marks are or may be of inferior quality or unauthorized for sale or distribution, it irreparably harms and injures Young Living's reputation.

56. Young Living is entitled to an injunction restraining Defendants, their officers, agents, servants, employees, and attorneys, and all persons acting in concert with them, from engaging in any further acts in violation of Young Living's rights.

57. Young Living is further entitled to recover from Defendants the damages, including treble damages, interest, attorneys' fees, and costs it has sustained and will sustain and any gains, profits, and advantages obtained by Defendants as a result of Defendants' acts as alleged herein. At present, the amount of such damages, gains, profits, and advantages cannot be fully ascertained by Young Living.

## CAUSES OF ACTION

## COUNT I
### (Trademark Infringement Under § 43(a)(1)(A) of the Lanham Act)

58. Young Living realleges and incorporates by reference all of the foregoing paragraphs.

59. Defendants' use of Plaintiff's Marks within the Infringing Products is the improper use in commerce of words, terms, and/or names that are likely to cause confusion, mistake, or deception as to whether Defendants are affiliated, connected, or associated with Young Living (including Plaintiff's Marks) and/or as to whether Young Living originated, sponsored, or approved of Defendants' Infringing Products.

60. By so acting, Defendants have violated § 43(a) of the Lanham Act (15 U.S.C. § 1125(a)(1)(A)).

61. Young Living has been and will continue to be damaged by such wrongful actions.

62. Because Defendants' actions were intentional, willful and/or deliberate, Young Living is entitled to an award of Defendants' profits, any damages sustained by Young Living, and costs of this action, including treble damages under § 35(a) of the Lanham Act (15 U.S.C. § 1117(a)).

63. By reason of the foregoing, Young Living is further entitled to injunctive relief and monetary damages against Defendants.

## COUNT II
### (Trademark Infringement under § 32 of the Lanham Act)

64. Young Living realleges and incorporates by reference all of the foregoing paragraphs.

65. Young Living possesses valid federal trademark registrations for Plaintiff's Marks issued by the USPTO.

66. Defendants' actions as described above, including Defendants' unauthorized use

of Plaintiff's Marks within the Infringing Products to promote their products, are likely to cause confusion, mistake, or deception as to the affiliation, connection, or association of Defendants with Young Living, or as to the origin, sponsorship, or approval of Defendants' Infringing Products by Young Living. Defendants' conduct described herein constitutes trademark infringement of each of Plaintiff's Marks in violation of § 32 of the Lanham Act (15 U.S.C. § 1114).

67. Defendants' trademark infringement has caused and continues to cause damage and irreparable injury to the value and goodwill of Plaintiff's Marks, as well as damages and irreparable injury to Young Living's business, goodwill, and reputation.

68. Young Living has no adequate remedy at law because damages are continuing and difficult to ascertain.

69. Defendants' continued use of Plaintiff's Marks is deliberate, willful, fraudulent, and constitutes a knowing infringement of Plaintiff's Marks, making this case exceptional.

70. Because Defendants' actions were intentional, willful and/or deliberate, Young Living is entitled to an award of Defendants' profits, any damages sustained by Young Living, and costs of this action, including treble damages under § 35(a) of the Lanham Act (15 U.S.C. § 1117(a)).

71. By virtue of the foregoing, Young Living is entitled to injunctive relief and monetary damages against Defendants.

**COUNT III**
**(False Advertising Under 15 U.S.C. § 1125(a)(1)(B))**

72. Young Living realleges and incorporates by reference all of the foregoing paragraphs.

73. Defendants advertise their goods in commerce by extensively utilizing Plaintiff's Marks in order to create the false impression of a connection and/or affiliation between Young Living and Defendants.

74. Such use, and any use similar to it, by Defendants is materially false, misleading, confusing, and or deceptive.

75. Indeed, such use is meant to trade off of the goodwill associated with Plaintiff's Marks and to create confusion among customers.

76. Such use of Plaintiff's Marks by Defendants is likely to cause confusion and/or mistake as to the origin, association, or approval of Defendants' Infringing Products and Young Living.

77. Defendants' false statements have caused injury to Young Living in an amount to be proven at trial.

78. The infringing activities of Defendants are willful and intentional, thereby justifying an award of exemplary and/or punitive damages.

## COUNT IV
### (Unfair Competition Under 15 U.S.C. § 1125(a)(1))

79. Young Living realleges and incorporates by reference all of the foregoing paragraphs.

80. Young Living has a protectable interest in Plaintiff's Marks.

81. Defendants' Infringing Products uses Plaintiff's Marks verbatim.

82. Defendants' use of Plaintiff's Marks in commerce is likely to cause confusion in the consuming public as to the source, origin, and/or sponsorship of the Infringing Products and Young Living.

83. Defendants' actions of unfair competition, as described herein, have caused injury to Young Living in an amount to be proven at trial.

84. The infringing activities of Defendants are willful and intentional, thereby justifying an award of exemplary and/or punitive damages.

## COUNT V
### (Trademark Dilution Under 15 U.S.C. § 1125(c))

85. Young Living realleges and incorporates by reference all of the foregoing paragraphs.

86. By virtue of many years of successful sales and use in commerce, Plaintiff's Marks have become famous.

87. Defendants' use of Plaintiff's Marks within the Infringing Products in commerce has and will continue to cause dilution of Plaintiff's Marks.

88. Defendants' dilution of Young Living's rights in Plaintiff's Marks has caused injury to Young Living in an amount to be proven at trial.

89. The infringing activities of Defendants are willful and intentional, thereby justifying an award of exemplary and/or punitive damages.

## COUNT VI
### (Common Law Trademark Infringement)

90. Young Living realleges and incorporates by reference all of the foregoing paragraphs.

91. Plaintiff's Marks are distinctive and have acquired secondary meaning.

92. Defendants' actions, as alleged above, infringe Young Living's common law trademark rights under federal common law, Utah common law, and constitute acts of unfair competition.

93. By reason of the foregoing, Young Living is entitled to injunctive relief and monetary damages against Defendants.

94. The infringing activities of Defendants are willful and intentional, thereby justifying an award of exemplary and/or punitive damages.

## COUNT VII
### (Utah Deceptive Trade Practices – U.C.A. § 13-11A-3)

95. Young Living realleges and incorporates by this reference all of the foregoing paragraphs.

96. By improperly using Plaintiff's Marks within the Infringing Products, Defendants have (1) passed off their goods as those of Young Living; (2) caused a likelihood of confusion or misunderstanding as to the source, sponsorship, approval, or certification of Defendants' goods; and (3) caused a likelihood of confusion or misunderstanding as to any affiliation, connection, association with, or certification by Young Living.

97. The foregoing misconduct of Defendants constitutes deceptive trade practices under Utah Code Annotated § 13-11A-3.

98. Young Living is entitled to recover damages to fairly and reasonably compensate it for Defendants' conduct.

99. Young Living is entitled to prevent, restrain, and enjoin Defendants from current and future uses of Plaintiff's Marks.

100. Young Living is entitled to an award of its attorneys' fees and its costs for being required to file and prosecute this action pursuant to Utah Code Annotated § 13-11a-4(2)(c).

101. Young Living has no adequate remedy at law, has suffered and is continuing to suffer irreparable harm as a result of Defendants' acts, and is, therefore, entitled to preliminary and permanent injunctive relief to enjoin Defendants from further misconduct.

### COUNT VIII
### (Unjust Enrichment)

102. Young Living realleges and incorporates by this reference all of the foregoing paragraphs.

103. Defendants have benefited from the improper, unfair, and unauthorized use of Young Living's exclusive trademark rights and goodwill attendant thereto, as set forth above.

104. Defendants have knowledge and fully appreciate the benefits it has received from Young Living as a result of such actions.

105. Defendants would be unjustly enriched if they were permitted to retain the

proceeds obtained from such actions.

106. Equity and good conscience dictate that Defendants be required to account for and turn over to Young Living an amount equal to the value of the benefits conferred upon it.

## COUNT IX
### (Unfair Competition – U.C.A. § 13-5a-103)

107. Young Living realleges and incorporates by reference all of the foregoing paragraphs.

108. Defendants' conduct as described herein is unlawful, unfair, and/or fraudulent.

109. Defendants' conduct as described herein has resulted in the material diminution in the value of Plaintiff's Marks.

110. Defendants' conduct as described herein infringes upon the rights of Young Living in and to Plaintiff's Marks.

111. The infringing activities of Defendants are willful and intentional, thereby justifying an award of exemplary and/or punitive damages.

## JURY DEMAND

Young Living hereby demands a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Young Living demands judgment against Defendants as follows:

A. Preliminarily and permanently enjoining Defendants, and all other persons participating or acting in concert with them, from infringing any of Young Living's rights in Plaintiff's Marks;

B. Preliminarily and permanently enjoining Defendants, and all other persons participating or acting in concert with them, from using any marks similar to Plaintiff's Marks that are likely to cause confusion or mistake as to whether Defendants are authorized by or affiliated with Young Living and as to whether Defendants' Infringing Products have been authorized or sponsored by Young Living;

C.  Preliminarily and permanently enjoining Defendants, and all other persons participating or acting in concert with them, from falsely advertising in any manner that causes confusion as to the origin, source, or approval between Young Living and Defendants' Infringing Products;

D.  Preliminarily and permanently enjoining Defendants, and all other persons participating or acting in concert with them, from falsely advertising the Infringing Products in a manner that is likely to cause confusion or mistake as to whether Defendants are authorized by or affiliated with Young Living and as to whether Defendants' Infringing Products have been authorized or sponsored by Young Living;

E.  Preliminarily and permanently enjoining Defendants, and all other persons participating or acting in concert with them, from engaging in unfair competition, either under federal law or U.C.A. § 13-5a-103;

F.  Preliminarily and permanently enjoining Defendants, and all other persons acting in concert with them, from making a false representation as to the source, sponsorship, approval, or certification of Defendants' Infringing Products;

G.  Preliminarily and permanently enjoining Defendants, and all other persons acting in concert with them, from making a false representation as to affiliation, connection, association with, or certification by Young Living of Defendants' Infringing Products;

H.  Preliminarily and permanently enjoining Defendants, and all other persons acting in concert with them, from diluting Plaintiff's Marks;

F.  An order of the Court directing Defendants to deliver up to Young Living all literature, advertisements, products, business forms, signs, and any other representations, regardless of form, which are in, or come to be in, Defendants' possession, custody, or control and which improperly use Plaintiff's Marks or any confusingly similar variant;

G.  An order from the Court directing Defendants to provide an accounting of all

revenues and profits gained by Defendants while engaging in the acts complained of in this Complaint;

H. Awarding Young Living its actual damages, and awarding Young Living any additional damages that the Court deems just and equitable under the circumstances of the case;

I. Awarding Young Living treble damages in accordance with § 35 of the Lanham Act (15 U.S.C. § 1117) on any claim asserted under § 43(a) of the Lanham Act;

J. Establishment of a constructive trust consisting of profits from or obtained by Defendants' wrongful acts, to be held for the benefit of Young Living;

K. Awarding Young Living damages to which it is entitled based upon Defendants' unjust enrichment, both under federal and state law, as claimed herein;

L. Awarding Young Living damages to which it is entitled based upon Defendants' intentional interference with Young Living's potential and/or prospective economic relations.

M. Awarding Young Living prejudgment interest at the rate established under 26 U.S.C. § 6621(a)(2) from the date of service of this Complaint through the date of judgment;

N. Awarding Young Living its allowable costs and attorneys' fees, including but not limited to, pursuant to 15 U.S.C. § 1117 and Utah Code Annotated § 13-11A-4(2)(c); and

O. Awarding Plaintiff such other and/or further relief as is just and equitable.

DATED this 12th day of December, 2017.

Respectfully submitted,

KIRTON │ McCONKIE

By: /s/James T. Burton
　　　James T. Burton
　　　Joshua S. Rupp

Attorneys for Plaintiff